IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. |
| THE WOODLANDS PSYCHIATRY AND COUNSELING CO. f/k/a THE WOODLANDS INTEGRATIVE CARE HOSPITAL, INC. | § § § § § | ORIGINAL COMPLAINT |
| | § § | JURY TRIAL DEMAND |
| Defendant. | § | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Santa Batts. As alleged with greater particularity below, the Defendant fired Batts on August 2, 2019, via text message from its owner, Emad Mikhail Tewfik Bishai, M.D., because she filed a charge of discrimination with the Equal Employment Opportunity Commission.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, The Woodlands Psychiatry and Counseling Co. f/k/a The Woodlands Integrative Care Hospital, Inc., (the "Defendant") has continuously been a Texas Corporation doing business in the State of Texas, in the City of Conroe, County of Montgomery, including at the address of 1006 Windsor Lakes Boulevard, Suite 200, and has continuously had, or during the relevant time period had, at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. Defendant's registered agent for service of process is Emad Mikhail Bishai, 1006 Windsor Lakes Boulevard, Suite 200, Conroe, Texas 77384. Dr. Bishai may alternatively be found at 71 Hollymeade Drive, The Woodlands, Texas 77381.

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, a charge of discrimination was filed with the Commission by Batts, alleging violations of Title VII by Defendant.

8. On February 7, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On March 3, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. Upon learning that Defendant had filed a name change with the Texas Secretary of State, the Commission, on April 20, 2020, the Commission issued an Amended Letter of Determination to Defendant under its changed name finding reasonable cause to believe that Title VII was violated and inviting Defendant to join

with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13. The Commission again engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

14. The Commission was still unable to secure from Defendant a conciliation agreement acceptable to the Commission.

15. On May 13, 2020, the Commission issued to Defendant a second Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

16. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

17. On August 2, 2019, Batts came to the Commission complaining of a retaliatory demotion following complaints she made to the Defendant's Chief Nursing Officer Alex Sutton. Batts alleged she was demoted from her position as a Clinical Manager back to being a Licensed Chemical Dependency Counselor following her complaints to Sutton.

18. Following an interview with Batts, the Commission's investigator drafted a Charge of Discrimination for her signature and served it on the Defendant via the Commission's public portal by providing Notice of the Charge to the

Defendant. The Notice of Charge was served the same day as Batts filed her charge, Friday, August 2, 2019.

19. That same evening, Batts received a text message from Defendant's owner, Dr. Emad Bishai, stating "Please be advised that you are not allowed on the premises until further notice. Dr. Bishai." Batts inquired as to who the text was meant for and "What is going on". Bishai responded, "I received your case of discrimination email now."

20. Batts responded, "Sir this is in regard to my hours being cut and my demotion." Bishai responded, "Mam (sic) my decision is final. You are not allowed on the premises from this minute and staff are aware of this fact. They are instructed to call law enforcement if you attempted to access the premises. Thank you best of luck." Two minutes later, Bishai added, "Please do not text me Anymore. You have the address to send anymore correspondence".

21. On August 8, 2019, Batts filed the instant charge of discrimination made the basis of this lawsuit, now alleging retaliatory discharge by Defendant. On August 26, 2019, in response to the instant charge, Sutton authored Defendant's position statement in which he acknowledged, "I had to terminate Mrs Batts lately, as I can't afford to have a current employee that is in active discrimination charges against the company for liability reasons."

22. The effect of the practices complained of in paragraphs 17 through 21 above has been to deprive Batts of equal employment opportunities and otherwise adversely affect her status as an employee for participating in activity protected by

Title VII of the Civil Rights Act of 1964, as amended, to wit, filing a charge of discrimination with the Equal Employment Opportunity Commission.

23. The unlawful acts, omissions and practices complained of in paragraphs 17 through 21 above have been and are intentional.

24. The unlawful employment practices complained of in paragraphs 17 through 21 above have been and are done with malice or with reckless indifference to the federally protected rights of Batts.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation against employees for engaging in a protected activity under Title VII of the Civil Rights Act of 1964.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Batts, and which eradicate the effects of its past and present unlawful employment practice.

C. Order Defendant to make whole Batts by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of Santa Batts, or, if instatement is impractical, front pay in amounts to be determined at trial.

D.     Order Defendant to make whole Batts by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraphs 17 through 21, including, but not limited to, job search expenses and medical expenses, in amounts to be determined at trial.

E.     Order Defendant to make whole Batts by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 17 through 21, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.     Order Defendant to pay Batts punitive damages for its malicious and reckless conduct described in paragraphs 17 through 21 in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

RUDY L. SUSTAITA
Regional Attorney

KATHY D. BOUTCHEE
Supervisory Trial Attorney
1919 Smith Street, 6th Floor
Houston, Texas 77002

/s/ Lloyd S. van Oostenrijk
LLOYD S. VAN OOSTENRIJK
Trial Attorney
Attorney-in-Charge
Texas Bar No. 24056467
S.D. Tex. No. 695844
1919 Smith Street, 6th Floor
Houston, Texas 77002
346.327.7718
713.651.7795 [facsimile]
lloyd.vanoostenrijk@eeoc.gov

ATTORNEY FOR PLAINTIFF